UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:   **Stanley Bernard Childs**         :         **Case No.**: 17-68526-JRS
                                            :
         **DEBTOR**                         :         CHAPTER 13
                                            :
                                            :

# THIRD AMENDED CHAPTER 13 PLAN

**Extension (  )**                                    **Composition (X)**

You should read this Plan carefully and discuss it with your attorney. **Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1.   **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.   **Plan Payments and Length of Plan**. Debtor will pay the sum of $300.00 per month to Trustee by [X] Payroll Deduction(s) or by [ ] Direct Payment(s) for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

   The following alternative provision will apply if selected:

   (  ) IF CHECKED, Plan payments will increase by $_____ monthly in _____, upon completion or termination of _____.
   The additional funds shall be disbursed pro-rata to all claims being funded at the time of the increase.

3.   **Claims Generally. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4.   **Administrative Claims**. Trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

    A.    **Trustee's Fees.** The Trustee shall receive a statutory fee in an amount established by the Attorney General and the United States Trustee.

    B.    **Debtor's Attorney's Fees.** Debtor and Debtor's attorney have agreed to a base attorney fee in the amount of $3,750.00 for the services identified in the Rule 2016(b) disclosure statement filed in this case. In addition, Berry & Associates has advanced a total of $388.00 for filing ($310), credit report ($33) and counseling ($25), and tax transcript ($20) fees to be paid as an administrative expense for a total fee of $4,138.00. The amount of $0.00 was paid prior to the filing of the case. The Trustee shall disburse the unpaid amount of the fee, $4,138.00, as allowed under General Order 18-2015, as follows:

        (i) Upon the first disbursement following confirmation of a Plan, the Trustee shall disburse to Debtor's attorney from the funds available and paid into the office of the Trustee by Debtor or on Debtor's behalf, up to $4,138.00 after the payment of any payments under 11 U.S.C. § 1326(a)(1)(B) or (C) and administrative fees. The remaining balance of the fees shall be paid up to $217.00 per month until the fees are paid in full;

        (ii) If the case is converted prior to confirmation of the plan, Debtor directs the Trustee to pay fees to Debtor's attorney from the funds available of $2,000.00 (amount not to exceed $2,000.00);

        (iii) If the case is dismissed prior to confirmation of the plan, fees for Debtor's attorney of $2,000.00 as set forth on the 2016(b) disclosure statement (amount not to exceed $2,000) are allowed pursuant to General Order 18-2015 and shall be paid by the Trustee from the funds available without a fee application. Debtor's attorney may file a fee application for fees sought over $2,000.00 within 10 days of the Order of Dismissal;

        (iv) If the case is converted after confirmation of the plan, Debtor directs the Trustee to pay to Debtor's attorney from the funds available, any allowed fees which are unpaid;

        (v) If the case is dismissed after confirmation of the plan, Trustee shall pay to Debtor's attorney from the funds available, any allowed fees which are unpaid; and

        (vi) Non-base fees are to be disbursed as outlined in the attached Addendum to Chapter 13 Plan.

5.    **Priority Claims.**

    A.    **Domestic Support Obligations.**

        None.

    B.    **Other Priority Claims (e.g., tax claims).** All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Georgia Dept of Revenue | 911.00 |
| IRS | 6,628.00 |

6. **Secured Claims.**

   A. **Claims Secured by Personal Property Which Debtor Intends to Retain.**

   i. **Pre-confirmation adequate protection payments.** No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). Each creditor listed below shall have an administrative lien on its respective payment(s), subject to objection.

   Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan:

   | (a) Creditor | (b) Collateral | (c) Monthly Adequate Protection Payments |
   |---|---|---|
   |  |  |  |

   ii. **Post Confirmation payments.** After confirmation of the plan, monthly payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

   (a). **Claims to Which § 506 Valuation is NOT Applicable.** Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* §1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). After the confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

   (b). **Claims to Which § 506 Valuation is Applicable.** Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in

column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement Value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| Republic Finance | HHG | 1/2017 | $2,000.00 | 4% | $40.00 |

**(c).** **Other provisions.**

B. **Claims Secured by Real Property Which Debtor Intends to Retain and Provide For Pursuant to § 1322(b)(5)**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

All post-petition mortgage payments made by the debtor(s) are to be credited and applied by the mortgage holder, its agent or assignee in accordance with the mortgage note and Deed in Trust/Deed to Secure Debt. Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses directly to their mortgage holder/servicer unless they are disallowed by Order of the Court."

All payments made hereunder by the chapter 13 Trustee to the mortgage holder, its agent or assignee are to be applied to the pre-petition arrearage and those fees and costs in the creditors allowed proof of claim.

Debtor makes these provisions in accordance with 11 U.S.C. § 1322(b)(5) and, accordingly, these claims are not subject to Discharge upon completion of the Plan pursuant to 11 U.S.C. § 1328(a)(1).

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| Freedom Mortgage Corp. | SFDD | $215.00 | $20.00 |

C. **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as general, unsecured debt. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer

applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

None.

7. **Unsecured Claims.** Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is $24,791.40. After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of $1,337.00 or 0% whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

None.

9. **Property of the Estate.** Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **Other Provisions:**

   A. **Special classes of unsecured claims.**

   B. **Other direct payments to creditors.**

   C. **Other allowed secured claims**: A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be funded as classified in the proof of claim as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims (except domestic support obligation claims as set forth in paragraph 5(A), above) and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim or file a motion to avoid the lien associated with the claim as applicable. Upon the filing of a motion to avoid the lien of any creditor, paragraph 10(D) of this plan shall apply as though the creditor had been named therein. Allowed claims in this class shall receive 4.25% interest.

   D. **Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the

secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

None.

E. **Miscellaneous provisions**.
i. Any federal tax refund that is issued to the Debtor for a tax year ending within the applicable commitment period shall be paid into the Debtor's Chapter 13 case. Further, the Debtor(s) authorize(s) and instruct(s) the Internal Revenue Service to send any refund for said years directly to the Debtor(s) Chapter 13 Trustee. Any refund that is less than $2,000.00 may be retained by the debtor upon written request by Debtor to the trustee along with any substantiating documents without further notice or hearing from this court.

Date: February 26, 2018

_____/s/_____     _____/s/_____
Carrie Oxendine, Bar No.: 141478        Stanley Bernard Childs
Berry & Associates
2751 Buford Hwy
Suite 600
Atlanta, Georgia 30324
(404) 235-3300
carrie@mattberry.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:**    **Stanley Bernard Childs** | : | **Case No.**: 17-68526-JRS |
| | : | |
| **DEBTOR** | : | CHAPTER 13 |
| | : | |
| | : | |

**ADDENDUM TO CHAPTER 13 PLAN**

     Debtor and Debtor's attorney have further agreed that Debtor's attorney may be paid for "non-base services" as they are performed on an as-needed basis. These "non-base" services, and the agreed fee for each, are identified in paragraph 6 of the Rule 2016(b) disclosure statement in this case. Upon completion of a "non-base" service, Debtor's attorney may file an application with the Court, serving all parties-in-interest with notice of the application and providing an opportunity to be heard on the matter. If the "non-base" fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid in accordance with the paragraph (B)(i), above. If the base fee has been paid in full, then the fee shall be paid up to $217.00 per month, and the distributions to creditors shall be reduced, pro rata, by that amount until the additional fee is paid in full.

## CERTIFICATE OF SERVICE

This is to certify under penalty of perjury that I am over the age of 18 and that on this day I served the following parties with a copy of the attached pleadings by placing true copies of same in the United States Mail with adequate postage affixed to insure delivery, addressed to:

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center Ave, Suite 120
Atlanta GA 30303

Stanley B. Childs
7088 Eden Court
Riverdale GA 30296

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta GA 30324

(Plus to all creditors on attached Creditor Mailing Matrix)

This the 26th day of February, 2018.

                                                /s/
                                          Carrie Oxendine
                                          GA Bar No. 141478
                                          Attorney for the Debtor

BERRY & ASSOCIATES
2751 Buford Highway, Suite 600
Atlanta, GA 30324
(404) 235-3300

```
Label Matrix for local noticing          (p)1ST FRANKLIN FINANCIAL CORPORATION     1st Franklin Financial Corporation
113E-1                                   PO BOX 880                                PO Box 880 Attn: Administrative Services
Case 17-68526-jrs                        TOCCOA GA 30577-0880                      Toccoa, GA 30577-0880
Northern District of Georgia
Atlanta
Mon Feb 26 14:08:26 EST 2018

Ally Financial                           Matthew Thomas Berry                      Campus USA CU
Attn: Bankruptcy                         Matthew T. Berry & Associates             PO Box 147029
PO Box 380901                            Suite 600                                 Gainesville FL 32614-7029
Bloomington, MN 55438-0901               2751 Buford Highway, NE
                                         Atlanta, GA 30324-5457


Capital One                              Stanley Bernard Childs                    Citibank / Sears
Attn: Bankruptcy                         7088 Eden Court                           Citicorp Credit Services/Attn: Centraliz
PO Box 30253                             Riverdale, GA 30296-2153                  PO Box 790040
Salt Lake City, UT 84130-0253                                                      Saint Louis, MO 63179-0040


Citibank/The Home Depot                  Comenitycapital/overst                    Department of the Treasury
Citicorp Cr Srvs/Centralized Bankruptcy  Comenity Bank                             Internal Revenue Service
PO Box 790040                            PO Box 182125                             P.O. Box 7346
S Louis, MO 63179-0040                   Columbus, OH 43218-2125                   Philadelphia PA 19101-7346


Emory University Hospital Midtown        Financial Asset Mgmt Systems, Inc.        First Electronic Bank
PO Box 660827                            PO Box 469                                Attn: Bankruptcy
Mailstop #22222222                       Woodstock, GA 30188-0469                  2150 S 1300 E Ste 400
Dallas TX 75266-0827                                                               Salt Lake City, UT 84106-4336


First Premier Bank                       Fortiva/Atlanticus                        Fortivamc/mabtc/atls
601 S Minnesota Ave                      PO Box 10555                              5 Concourse Pkwy
Sioux Falls, SD 57104-4868               Atlanta, GA 30310-0555                    Atlanta, GA 30328-5350


Freedom Mortgage Corp                    Freedom Mortgage Corporation              (p)GEORGIA DEPARTMENT OF REVENUE
Attn: Bankruptcy                         Bankruptcy Department                     COMPLIANCE DIVISION
PO Box 489                               10500 Kincaid Drive                       ARCS BANKRUPTCY
Mt Laurel, NJ 08054-0489                 Suite 300                                 1800 CENTURY BLVD NE SUITE 9100
                                         Fishers, IN 46037-9764                    ATLANTA GA 30345-3202


Kimberly E. Hall                         Internal Revenue Service                  Jared-galleria Of Jwlr
Law Office of Kimberly Hall              401 W. Peachtree St NW                    375 Ghent Rd
P. O. Box 2538                           Stop 334-D                                Fairlawn, OH 44333-4601
Calhoun, GA 30703-2538                   Atlanta, GA 30308-3539


Leroys Jewelers                          Carrie L Oxendine                         PRA Receivables Management, LLC
Sterling Jewelers, Inc/Attn: Bankruptcy  Matthew T. Berry & Associates             PO Box 41021
PO Box 1799                              Suite 600                                 Norfolk, VA 23541-1021
Akron, OH 44309-1799                     2751 Buford Highway NE
                                         Atlanta, GA 30324-5457


(p)PORTFOLIO RECOVERY ASSOCIATES LLC     Quantum3 Group LLC as agent for           REPUBLIC FINANCE, LLC
PO BOX 41067                             MOMA Funding LLC
NORFOLK VA 23541-1067                    PO Box 788
                                         Kirkland, WA  98083-0788
```

```
Republic Finance                    (p)REPUBLIC FINANCE LLC           Roundpoint Mtg
1415 Highway 85 N Ste 30            1140 ROMA AVE                     5032 Parkway Plaza Blvd
Fayetteville, GA 30214-7738         HAMMOND LA 70403-5464             Charlotte, NC 28217-1918


Susan H. Shiptenko                  Syncb                             Syncb/Ashley Homestore
Matthew T. Berry & Associates       Attn: Bankruptcy                  Attn: Bankruptcy
Suite 600                           PO Box 965060                     PO Box 965060
2751 Buford Highway NE              Orlando, FL 32896-5060            Orlando, FL 32896-5060
Atlanta, GA 30324-5457


Syncb/Rooms To Go                   Synchrony Bank                    Synchrony Bank
Attn: Bankruptcy                    c/o PRA Receivables Management, LLC   Attn: Bankruptcy
PO Box 965060                       PO Box 41021                      PO Box 965060
Orlando, FL 32896-5060              Norfolk, VA 23541-1021            Orlando, FL 32896-5060


Synchrony Bank/Walmart              Kelly D. Thomas                   U. S. Attorney
Attn: Bankruptcy                    Matthew T. Berry and Associates   600 Richard B Russell Bldg.
PO Box 965060                       Suite 600                         75 Ted Turner Drive, SW
Orlando, FL 32896-5060              2751 Buford Highway NE            Atlanta, GA 30303-3315
                                    Atlanta, GA 30324-5457


Visa Dept Store National Bank/Macy's   Nancy J. Whaley
Attn: Bankruptcy                    Nancy J. Whaley, Standing Ch. 13 Trustee
PO Box 8053                         303 Peachtree Center Avenue
Mason, OH 45040-8053                Suite 120, Suntrust Garden Plaza
                                    Atlanta, GA 30303-1216



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).



1st Franklin                        Georgia Department of Revenue     Portfolio Recovery Associates, LLC
135 E Tugalo Street                 Bankruptcy Unit                   POB 41067
Toccoa, GA 30577                    1800 Century Blvd, NE, Ste 9100   Norfolk VA 23541
                                    Atlanta, GA 30345



Republic Finance, LLC               End of Label Matrix
1140 Roma Avenue                    Mailable recipients    43
Hammond, LA 70403                   Bypassed recipients     0
                                    Total                  43
```